IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO KUBA,<br><br>    Plaintiff,<br><br>  v.<br><br>1-A AGRICULTURAL ASSOCIATION, an agency of the California Department of Food and Agriculture's Division of Fairs and Expositions; DALY CITY POLICE DEPARTMENT, a governmental agency; and DOES 1 through 20, inclusive,<br><br>    Defendants.<br>                                                        / | No. C 05-05259 WHA<br><br><br>**ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE AND VACATING HEARING** |

**INTRODUCTION**

In this action, plaintiff Alfredo Kuba alleges that defendants 1-A Agricultural Association and Daly City Police Department violated his civil rights. Daly City Police Department now moves for a more definite statement pursuant to FRCP 12(e) and to strike portions of plaintiff's complaint pursuant to FRCP 12(f). This order finds that plaintiff's complaint is sufficiently detailed under FRCP 8, such that no more definite statement is required. This order also finds that striking all references in the complaint to punitive damages is not warranted. The police department's motions, therefore, are **DENIED**.

**STATEMENT**

According to plaintiff, 1-A Agricultural owns and operates the Cow Palace in San Mateo, which holds public events including rodeos and circuses (Compl. ¶¶ 1, 9). The Daly City Police Department provides security for the Cow Palace (*id*. at ¶ 1). Plaintiff alleges that he was denied access to the parking lot at the Cow Palace based on messages displayed on his vehicle (*ibid*.). The Daly City Police purportedly "threatened and intimidated Plaintiff with arrest" if he remained in or near the parking lot (*ibid*.).

Plaintiff has previously challenged similar conduct, ultimately prevailing at the Ninth Circuit. *See Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850 (9th Cir. 2004). The district court initially granted summary judgment in favor of the defendants in that action. The Ninth Circuit reversed finding "[t]he First Amendment Expression Policy enforced by the Association at the Cow Palace during the rodeo and the circus is unconstitutional on its face." *Id*. at 863.

In this action, plaintiff again identifies several occasions in which he "attempted to exercise his free speech rights by parking his vehicle in the Cow Palace parking facility with messages on his vehicle regarding animal cruelty" (Compl. ¶¶ 12–17). On these occasions, plaintiff purportedly was threatened with arrest and told that the messages on his vehicle were "contrary to the venues and policies" (*ibid*.).

Plaintiff's complaint contains five claims for relief: (1) violation of his exercise of free speech protected by the First Amendment of the United State Constitution brought pursuant to 42 U.S.C. 1983, (2) violation of the Equal Protection Clause of the Fourteenth Amendment of the United State Constitution brought pursuant to Section 1983, (3) violation of the Fourteenth Amendment's Due Process Clause brought pursuant to Section 1983, (4) violation of Article 1, Sections 2(a) and 3(a) of the California Constitution brought pursuant to Section 1983, and (5) violation of Article I, Section 7(a) of the California Constitution.

**ANALYSIS**

1. **MOTION FOR MORE DEFINITE STATEMENT.**

Under FRCP 12(e), "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that party cannot reasonably be required to frame a responsive pleading the

2

party may move for a more definite statement before interposing a responsive pleading." This rule must be read in light of FRCP 8, which merely requires that a complaint contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

In light of the limited pleading requirements under the Federal Rules, it has been noted that "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999).

This order finds no reason to depart from that general rule here. Contrary to the police department's assertions, plaintiff has identified several dates on which he was allegedly threatened for his conduct in the Cow Palace parking lot. While no individual officers are identified in the complaint, it is not clear that plaintiff would be able to provide that information prior to discovery. Plaintiff is not required to do so at this stage in the litigation.

Moreover, plaintiff's complaint indicates the statutory and constitutional provisions at issue as well as the grounds for jurisdiction in this Court. This information is sufficient for the police department to determine whether to assert a qualified immunity defense. Such a defense simply depends on whether or not the "facts establish that the official's conduct violated a constitutional right." *Dias v. Elique*, ___ F.3d ___, 2006 WL 267154, at *5 (9th Cir. Feb. 6, 2006) (citations omitted).

The adequacy of plaintiff's complaint is buttressed by the fact that similar claims were litigated previously, as noted above. Under such circumstances, this order finds that it is not unreasonable to expect the police department to respond to the complaint.

Of course, with respect to the "Doe" defendants, plaintiff is under a separate obligation to identify any such defendants by name, including any officers plaintiff intends to include in this action. Plaintiff must so identify these defendants and serve them with process within a reasonable time. Nevertheless, this is a separate problem from that raised by the police department's motion for a more definite statement.

3

### 2. MOTION TO STRIKE.

Pursuant to a motion under FRCP 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FRCP 12(f) is a vehicle by which to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). As with motions under FRCP 12(e), however, motions to strike are viewed negatively because of the limited import of the pleadings under the Federal Rules. Accordingly, "motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citations omitted).

Here, the police department seeks to strike references to punitive damages plaintiff's complaint. The police department relies on *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), for the proposition that punitive damages cannot be awarded against municipalities under Section 1983. Indeed, the *City of Newport* opinion held that "[a] municipality . . . can have no malice independent of the malice of its officials. Damages awarded for *punitive* purposes, therefore, are not sensibly assessed against the governmental entity itself." *Id*. at 267 (emphasis in original).

Plaintiff counters that this rule is not absolute. This order agrees. Our circuit recently made this point clear: "Although municipal defendants are immune from liability for punitive damages under § 1983, municipalities may pay punitive damages in some circumstances." *Bell v. Clackamas County*, 341 F.3d 858, 868 n. 4 (9th Cir. 2003) (citations omitted). One such circumstance mentioned by the *Bell* court is provided by California Government Code § 825(b). According to the *Bell* court, that provision authorizes "a public entity to pay a punitive damages award against an employee if the employee acted in good faith and within the scope of his or her public employment." The police department does not offer any convincing arguments why that section of the California Government Code could not come into play here. While the police

4

United States District Court
For the Northern District of California

department ultimately may prevail on this matter, striking all references to punitive damages is inappropriate at this point in the litigation.

## CONCLUSION

For the foregoing reasons, Daly City Police Department's motions are **DENIED**. Finding further argument unnecessary, hearing on these motions is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 23, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE