IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO KUBA,<br><br>         Plaintiff,<br><br>  v.<br><br> 1-A  AGRICULTURAL ASSOCIATION, an agency of the California Department of Food and Agriculture's Division of Fairs and Expositions; DALY CITY POLICE DEPARTMENT, a governmental agency; and DOES 1 through 20, inclusive,<br><br>         Defendants.<br>                                                                 / | No. C 05-05259 WHA<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO AMEND AND VACATING HEARING** |

## INTRODUCTION

In this action, plaintiff Alfredo Kuba alleges that defendants 1-A Agricultural Association and Daly City Police Department violated his civil rights. Plaintiff now moves for leave to file a second amended complaint. This order finds that plaintiff was diligent in seeking this amendment and that defendants will not be prejudiced by this amendment. Plaintiff's motion is, therefore, **GRANTED**.

## STATEMENT

Plaintiff Kuba is an animal-rights activist. Defendant 1-A District Agricultural Association operates the Cow Palace, a performance facility owned by the State of California.

The Cow Palace holds various events including rodeos and circuses. Defendant Daly City Police Department provides security during events at the Cow Palace.

Plaintiff demonstrates and has demonstrated at the Cow Palace whenever the circus or the rodeo is there. Plaintiff's demonstrations consist of holding signs, handing out leaflets, and discussing his views with pedestrians. In addition, plaintiff places signs on his van.

The Cow Palace has a "First Amendment Expression Policy" which was originally adopted by 1-A's board of directors in 1998 and updated in 2002 and in 2004 (Evans Decl. Exh. 5). In an earlier action, plaintiff challenged the constitutionality of the policy. In that earlier action, the judge granted summary judgment in favor of the defendants. In a published opinion, the Ninth Circuit reversed. *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850 (9th Cir. 2004). The Ninth Circuit ruled that "[t]he First Amendment Expression Policy enforced by the Association at the Cow Palace during the rodeo and the circus is unconstitutional on its face" *Id.* at 863.

In response to the Ninth Circuit's opinion, 1-A's board passed an amendment to its policy on October 27, 2004 (Evans Decl. Exh. 5). The amendment was intended to "supplement" not "replace" the existing guidelines. The amendment provided that "[t]he three established free expression zones may be utilized by protesters but protesters will not be restricted to these zones." Still, "[a]ny activities of protesters outside the free expression zones cannot take place in a way which impeded pedestrians or vehicles." The amendment modified the specific restrictions to "leafletting and one-on-one discussions." Further, the amendment added the restriction that "no signs shall be held during activities within the parking lots but shall be restricted to the First Amendment zones." 1-A's board also added its views on advertising in the Cow Palace parking lot:

> However, in addition to this general commercial parking use, certain areas of the parking lot, and on rare occasions the entire parking lot, is rented by a promoter and, more commonly, sections of the preferred lot or the entire lot are rented by a promoter or vendor, for purposes consistent with the mission of the Association. Allowing unpaid speech in such areas would interfere with and conflict with the purpose of the facility, which is specified in provisions of the Food and Agricultural Code. It would also interfere with generation of revenue.

2

The amendment did not alter or address the prohibition on "signs, banners, lettering, or communicative pictures" displayed on vehicles contained in Section III(5)(J) of the original policy. The amendment also did not remove subject-matter relevance as grounds for giving preference to certain on-site demonstrations and exhibitors.

Plaintiff filed his complaint in the current action on December 20, 2005. In March 2006, plaintiff moved for a preliminary injunction so that he could demonstrate at the Grand National Rodeo at the Cow Palace. The parties stipulated to a resolution with respect to the Grand National Rodeo, which stipulation was approved on March 23.

On April 24, plaintiff filed his first amended complaint. In his first amended complaint, plaintiff listed five claims for relief in his current complaint: (1) violation of his exercise of free speech protected by the First Amendment of the United State Constitution brought pursuant to 42 U.S.C. 1983, (2) violation of the Equal Protection Clause of the Fourteenth Amendment of the United State Constitution brought pursuant to Section 1983, (3) violation of the Fourteenth Amendment's Due Process Clause brought pursuant to Section 1983, (4) violation of Article 1, Sections 2(a) and 3(a) of the California Constitution brought pursuant to Section 1983, and (5) violation of Article I, Section 7(a) of the California Constitution. Plaintiff requested declaratory and injunctive relief, compensatory damages, punitive damages, and civil penalties under California Civil Code Section 52(b)(1).

In May, the parties unsuccessfully attempted to mediate their disputes. One of the sticking points, apparently, is that plaintiff sought resolution of what he alleged to be content-based favoritism of certain speakers the Cow Palace. Defendants apparently contended that this issue was outside of the scope of plaintiff's amended complaint.

Plaintiff thus now seeks leave to file a second amended complaint. The proposed second amended complaint states the same five causes of action as the prior iteration, but proposes to add allegations specifically that "Defendant 1-A Agricultural Association has an unconstitutional policy that provides different rights for speakers depending on the subject matter of their message" (Evans Decl. Exh. 1). 1-A Agricultural opposes the motion. Daly City Police Department did not file any opposition.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under Federal Rule of Civil Procedure 15(a). This standard is a liberal one. Rule 15(a), however, does not apply when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Once a scheduling order has been entered, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. *Id.* at 608–09. At that point, any modification must be based on a showing of good cause.

> Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id.* at 609 (citation omitted).

Under the case management order in effect in this case, "[l]eave to add any new parties or pleading amendments must be sought by **March 25, 2006**" (Case Management Order) (emphasis in original).

This order finds, however, that plaintiff has been diligent, and that allowing further amendment is otherwise proper. Plaintiff moved (prior to the cutoff for amendments) for temporary injunctive relief. When the parties resolved that motion for an injunction, it appeared that the parties would be able to strike a suitable fix to all of their disputes in this action. After mediation ultimately fell through, however, it became clear that the parties had different ideas of the issues at stake. Plaintiff moved promptly thereafter to amend his complaint, so as to clarify the issues.

Plaintiff's proposed amendment adds no new factual allegations and no new causes of action. 1-A Agricultural's argument that the amendment would create onerous further discovery obligations is specious. Indeed, apparently no depositions have yet been taken. The depositions will thus merely be expanded when they do take place. Nor does this case seem to be document-intensive litigation. Any documents relevant to the proposed amended complaint

4

seemingly would also have been relevant to the first amended complaint. In any event, the non-expert discovery deadline is not until September 29, 2006. No other deadlines in the case management order are effected by plaintiff's proposed amendment.

1-A Agricultural also contends that plaintiff lacks standing to assert new allegations about improper content-based restrictions. This argument lacks merit. Traditional standing requirements are relaxed in the First Amendment context:

> At least when statutes regulate or proscribe speech . . . the transcendent value to all society of constitutionally protected expression is deemed to justify allowing 'attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity.

*Los Angeles Police Dept. v. United Reporting Publ'g Corp.*, 528 U.S. 32, 38 (1999) (citation omitted); *see also Secretary of State of Maryland v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 956 (1984).

In this action, we need not even stretch traditional standing principles to conclude that Kuba may challenge the content-based restrictions in the Cow Palace's speech policy. Kuba alleges that *his* speech was restricted on the basis of the content of the speech — his protests against animal cruelty. Plaintiff's complaint thus asserts his own rights, not merely those of third parties. He allegedly is and has been threatened with arrest for seeking to speak about animal cruelty, purportedly in a differential fashion from those who speak about topics more palatable to the rodeos and circuses taking place at the Cow Palace. Plaintiff has standing to pursue his claims as amended.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is **GRANTED**. Finding no further argument necessary, hearing on the motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: July 17, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5